## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:13-cv-00719

Christopher Ramirez,

    Plaintiff/Movant,

Financial Recovery Services, Inc.; and
DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Christopher Ramirez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Christopher Ramirez ("Plaintiff"), is an adult individual residing in Colorado Springs, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Financial Recovery Services, Inc. ("Financial"), is a Minnesota

business entity with an address of 4900 Viking Drive, Edina, Minnesota 55435, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Financial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Financial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a credit card company (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Financial for collection, or Financial was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Financial Engages in Harassment and Abusive Tactics**

## FACTS

12. In early 2012, Plaintiff paid off the Debt to a debt collector other than Defendants.

13. Beginning on or around February 2013, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

14. During Plaintiff's initial communication with Defendants, Plaintiff stated to Defendants that he had previously paid off the Debt in 2012.

15. Defendants responded that Plaintiff was lying, and that according to Plaintiff's credit report, he had only paid off one bill in his entire life.

16. Furthermore, Defendants stated that Plaintiff was a terrible person, and questioned how Plaintiff could incur so much debt and how Plaintiff could feed his family. Defendants stated that Plaintiff needed to set his priorities straight and pay his bills.

17. Moreover, Defendants threatened to take Plaintiff's home, garnish his wages, and do whatever they could to collect the Debt.

18. To present date, Defendants have yet to commence any such actions against Plaintiff.

19. On or about February 21, 2013, during a subsequent call with Plaintiff, Defendants stated they were "FRS," however Defendants later claimed to be with "Resurgency Capital Services."

20. Defendants failed to send Plaintiff any written correspondence informing Plaintiff of his rights under Federal law.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

31. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

33. The foregoing acts and omissions of the Defendant constitute numerous and

4

multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 19, 2013

Respectfully submitted,

By __/s/ Lark Fogel_____

Lark Fogel, Esq.

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

5

Law Office of Lark Fogel
Bar Number: 030383
lfogel@lemberglaw.com
Attorneys for Plaintiff

<u>Plaintiff:</u>

Christopher Ramirez

4526 Cassidy Street

Colorado Springs, Colorado 80911